The Amazon case, and why thought that the drivers delivered goods on the last mile of their interstate journey. Now, note that the goods in the Amazon case, they cross state lines and they stopped at warehouses in this case, we have drivers, postmates, drivers deliver goods as well as food. Um, the clearly these goods and food travel in interstate commerce, they may stop at restaurants or stores just the way the Amazon packages stop at warehouses. Listen, the Amazon. You will, you will complete a unitary going back. In other words, customer orders from the Amazon. Good, they have brought. From wherever they are located into Massachusetts. Deposited, then picked up for the final leg of the journey by. A lot of what we call the last mile driver. And we said that that's part of being engaged in commerce, but those are unitary transactions. It's all 1 transaction good to order from Amazon shipped by Amazon. Delivered to the customer. You want us to extend that principle. To cover good that have traveled within the. Reach their initial destination that is reached the person who had ordered them. And then at some indeterminate future time, I picked up someone else for delivering to someone who had no connection with the original order. So, judge, judge, so your assumption about the facts of the Amazon case are incorrect. So, in Amazon, there is no discussion. You made some assumptions here. They're simply not in the record in Amazon and are not in the decision in Amazon. I think I have accurately described the Amazon operation. Fact of the matter is you want us to extend the principle. You can separate transaction. Woods are ordered ship at. Reach the party and then move on when they are subsequently purchased by. A 3rd time, that's what you want us to do. And I don't understand what the limiting principle would be. So, your honor, your honor, if I can answer your question, please, in the Amazon case, you are assuming that the customer say, a customer in Massachusetts orders a good that was manufactured in Texas. Your assumption is, is that that good is then shipped to a Massachusetts warehouse and then goes on to the customer and it was all part of 1 continuous journey. That is simply not the case. What happens is Amazon has warehouses in Massachusetts. It obtains goods from around the country. They stay in that warehouse until a customer in Massachusetts orders it from that warehouse. So, in other words, a customer in Massachusetts, didn't the goods. Are transported to the warehouse before anyone orders them. So now the assumption that your honor is making here is that under why there has to be a continuous journey, meaning that the same corporation, the same entity needs to be engaged in the full. Interstate transportation of that item and why FACA said. Actually, did not say that specifically this court in my thought said, and I'm quoting on page. Let's see, 23 of the decision to be clear. We do not hold that a class of workers must be employed by an interstate transportation business or a business of a certain geographic scope to fall within the section. Exemption in other words, the why FACA decision did not turn on the fact that Amazon was the entity that was engaged in the full interstate journey of the goods. So, even if you have a separate company that is engaged in the final mile. That the fact that the good travel to interstate, and even may have temporarily stopped somewhere like a restaurant or a warehouse that doesn't interfere with the journey. And that also flows from the Supreme Court's decision in the walling case, which was, which was ignored by the court below. Um, did we lose judge? We're on the phone. Okay, we're judge. So, yeah, you're back. Uh, please do. Okay, thank you. Okay. So, judge, I'm not sure if we lost him again. I don't see him. No, I haven't lost him. Okay, I'm sorry you can you can hear me judge. Yeah, okay. Okay. Thank you. So what I was just explaining was that in. The why FACA case, this court said, to be clear, we do not hold a class of workers must be employed by an interstate transportation business, or a business of a certain geographic scope to fall within the section 1 exemption. So, in other words, in my FACA, this court did not rely on the fact that Amazon was the entity responsible for the entire interstate journey. So, so you often have different. You and I apparently read the Amazon case differently, but the question that I asked you is, in your interpretation, what's the limiting principle? Because as I read your brief, or it seems to me that goods can be shipped from interstate by anyone was I, let's, let's say, let's say a can of soda. All right, reside in a convenience store for a year, 18 months, then be picked up by a driver and that's still interstate commerce in your interpretation. Do I understand my correct correctly? Yeah, it's no different from a computer. And Amazon warehouse, excuse me, excuse me. You're not going to convince me that it's no different than Amazon, but what you're going to what you, what you couldn't convince me of is what's the limiting principle. Is there any limit to that? If the goods, if the goods in a Massachusetts. Retail outlet for 10 years or 20 years, are they still in interstate commerce when they picked up? So, your honor again, that could happen with Amazon packages in the I'm not I'm interested in what are you telling me? There's no limiting principle. Well, I mean, there could be a limiting principle, but I don't know whether the court needs to reach that in this case. I don't think chips and sodas sit very long in restaurants. They're clearly intended for the customer, not for the restaurant. And again, the walling versus Jacksonville paper case by the Supreme Court held that the entire movement of goods until their interstate journey is ended. Um, does not occur until they reach the customers for whom they are intended. So, the Supreme Court has already recognized that goods may stop along the way during their interstate journey. But the question is, who are they intended for? Clearly chips and soda are intended for people to consume not for restaurants just to keep forever. There's an interstate journey that does not end until it reaches the person who consumes it. So, I also just want to note that the court below. Absolutely. I'm struggling to understand your notion of this. So, if I give my grandson a $10 bill and ask him to go down to the local sporting goods store and pick up a baseball that was manufactured and shipped from Kentucky. Then he's working in interstate commerce. Well, I don't know if your grandson would be working $10 to do it. Of course, he's working. Um, is that a contract of employment? Well, also, he's not a transportation worker. Um, the drivers here, all the, even though he's, even though he's. I thought anyone who transports goods is a transportation worker. Anyone who transports goods for money. What's the definition of transportation? Well, well, 1 thing the court could look at is, for example, the 8th Circuit has used in the lens case. A lot of courts look to the lens factors where there are a number of factors that you look at to consider. 1 of the factors is how often are you actually doing the work of transporting your grandson might have just done that 1 errand for you versus these drivers. This is what they do every day as they are driving goods. And then also, if you look at other cases, like, for instance, the Saxon case by the Supreme Court, and also judge young's decision in the Fraga case, which is also before this court now, and another for another panel. You don't even, you don't even have to be a driver. You don't have to be someone who's doing the transportation itself. If the work you're doing is closely associated with transportation, but here you have drivers. So, clearly, they're, they are connected with the transportation because that's what they're doing. If I could note something about the court's decision below the, the error that judge stern's made in the postmates case was that and it turns on this issue that we've been talking about, he cited not the 1st circuit. And why thought that he started the night? He cited the 9th circuit in the Whitman versus Amazon case. This is on page 5 of his decision where he says the packages are not held at warehouses for later sales to lower prices. They are simply part of a process by which a delivery provider transfers the packages to a different vehicle for the last mile. The packages interstate journeys below aired go ahead and finish your sentence. Please, thank you. The court below aired because Whitman did not contain the statement that this court included in my FACA that it doesn't matter whether the company itself is engaged in the full interstate journey. And why thought this court said that you don't have it doesn't matter if that if different thank you counsel. But I think there are various interpretations of that statement. You're doing a sort of negative pregnant argument. You have time reserved. Thank you. Thank you attorney. Please mute your audio and video attorney evangelist. Please unmute your audio and video and proceed with your argument. May it please the court CNA evangelists on behalf of postmates. The district court's decision below is consistent with the rulings of this court and appellate courts and district courts across the country. There is no confusion. Plaintiffs argument here for which there is no limiting principle contradicts an avalanche of authority and court, the court's uniform consensus on the scope of section 1 with respect to the class of workers at issue in this case. And in the next case, plaintiffs are asking this court remarkably to create a direct conflict, not only with its own precedent, but also with the decision of the Massachusetts Supreme judicial court, just 3 months ago. As well, as the decisions of the 7th, 9th and 11th circuits, and I just to put a finer point on that, what plaintiffs are asking this court to do is to say that the FAA does not apply to this class of workers in federal courts within the Commonwealth, but we know from the Archer decision that it does apply to the same class of workers in state courts. That is. In a really remarkable assertion, and it's wrong, and I would ask the court respectfully to affirm the decision of the trial court, compelling arbitration and counsel. So, uh, So, So, yeah, as usual, gets to the heart of the matter about whether there is any limiting principle. Once one adopts plaintiffs argument, your sister said, well, the other provisions having to do with class of workers, transportation workers are a limitation. But it doesn't seem to me that that quite carries the bag here. Almost everything nowadays travels through interstate commerce. So I was trying to think of under plaintiff's theory. Is there an instance, and I guess it would be, say, a organic farm that hires somebody to transport their goods to the local supermarket. You know, saying grown in whatever state. Um, but other than that, and a few other homegrown industry type things, it would seem that the scope of plaintiff's argument would apply to almost all goods everywhere. Am I wrong in thinking of it in these terms? No, judge Lynch, you're not wrong. You're exactly right. And judge Celia was exactly right. And that's what judge Barrett in Wallace said as well. There is no limiting principle here. And I do want to turn to the decision, because plaintiff's entire argument seems to hinge on that decision, which, of course, every single court has distinguished with respect to the. Class of workers at issue here, the class of workers at issue here are local delivery drivers. They are no different from a local pizza delivery driver. Every single court has found that last mile delivery in the Amazon cases is worlds away from what we have here and not a single court has adopted plaintiff's view. I think, because it offers no limiting principle, and because it is clearly distinguishable in the last mile cases, and this now I will quote from the Massachusetts Supreme judicial court in Archer. The court explained in those cases, quote, from the moment the goods quote, entered the flow of interstate commerce. The goods were always destined for the customers to whom the last mile drivers made deliveries. By contrast, at the moment, the goods at issue here, and that involved grub hub, I'm, I'm, this is the same class of workers here quote by the moment. The goods at issue here entered the flow of interstate commerce. The destination was not the address of the grub hub, or in this case, postmates customer ordering the takeout food or convenience items for delivery, but rather the local restaurants and convenience stores that ordered them. Any subsequent journey taken by the goods in the hands of the drivers as part of the delivery was not part of the ongoing and continuous interstate transmission of those goods. So, going back to judge Sally's point earlier. In the Amazon cases, we had a unitary transaction and it didn't turn on the fact that it was 1 company going going back to the passage that. Uh, miss list reared and kept quoting on page 23. it didn't turn on that. What it did turn on was the nature of the delivery and the nature of the business. And the court went on in the next sentence, this court and went on to say, the nature of the business does matter. And there, what Amazon was alleged to be doing was coordinating that entire interstate trip. And this is, I would like to address the walling case, because I think walling actually proves our point. We think that it proves the point here. There were 2 different types of goods at issue and walling. Some goods came from out of state and were held at the warehouse for some later independent transaction or purchase. Those were not in interstate commerce because there were separate transactions. However, when goods were brought into state with the ultimate in state customer in mind, not the warehouse, but the purchaser, then those goods were found to be traveling in interstate commerce. So, again, it's the same principle, and it's the principle that this court in Cunningham versus lift articulated. It's exactly the same where if someone takes a ride using the lift app from the airport to go to their home, that's an independent local transaction. It is not part of the larger interstate trip that is coordinated by, say, a railroad in the United States versus yellow cap case. So, that's why it is clear at this point, there is no confusion. There is a uniform consensus among courts that there is a very different type of interstate commerce at issue that's alleged under the Amazon cases in Wythaka and Rittman, and Rittman actually called out in particular Postmates and Grubhub and local delivery and said, that's different. The 7th Circuit, Judge Barrett, I think, articulated the test very clearly that it has to be the central part of the job description. Here, the workers are not moving goods in interstate commerce across state lines. We're talking about 2 to 3 mile deliveries locally that have nothing to do with an interstate trip. So, this is very different from situations where a good is part of a continuous interstate journey, where it is purchased from out of state for that in-state consumer. And so that's the limiting principle. May I, I understand your argument to be suggesting to us, not only that we distinguish our circuit precedent in Wythaka, but that we adopt some of the reasoning that Judge Barrett used in the 7th Circuit in drawing those distinctions. Your Honor, I think that Judge Barrett's reasoning is actually consistent with your opinion in Cunningham versus Lyft. Well, I do too, but we are now being asked to decide a question of the limits of a prior decision of our court in order to decide this case. And I thought I heard you saying we should take some guidance in doing that, particularly from the 7th Circuit, but also from the Supreme Judicial Court. Absolutely, Your Honor. We think that both of those decisions are correct, and they both distinguish the Wythaka decision and the Rittman decision. And they're completely consistent. They reach the same result for the same reasons. And we do believe that this court should follow the reasoning in both of those decisions. I think it is the best interpretation of Section 1. And again, Section 1 is a narrow exemption, as this court mentioned recently in Cunningham. It was intended to reach only classes of workers who were engaged in interstate commerce in the same way as railroad workers and seamen, who, of course, an indelible part of their job description was moving goods in the channels of interstate commerce along long distances. And those are the words of the Capriol decision from the 9th Circuit. So these are all ways of saying the same exact thing that the last mile cases are presenting a very different situation from what we have here. This is purely local delivery divorce from any interstate transaction, not orchestrated as part of a continuous journey. And this is purely local does not fall within Section 1. And if it did, as Judge Warren said in Wallace, it would encompass everything, including Judge Selye's hypothetical of his grandson, who he pays to go pick up a product locally to store. That's exactly what the Postmates delivery drivers are doing here. It's exactly no different. So, for all of those reasons, we believe that the court should affirm the decision of the district court, and I would be happy to answer any additional questions. I see that my time is is coming close to an end. I have no further questions. Let me ask my colleagues. I'm content. Yeah, I don't have any questions at this time. Thank you. Thank you. Thank you. Thank you. Your honor. Attorney evangelist, please mute your audio and video attorney list. Read and you have 3 minutes for rebuttal. Thank you. Judge Lynch, you asked the question before about where the line would be drawn because so so much just about everything today is an interstate commerce. Although you pulled out the example of the organic farm, and the local delivery to a local store purchased by a local resident, I think that would not be interstate commerce. But the mere fact that our economy is now so much consists of interstate commerce so much more, even then when Congress passed the isn't a reason to limit the statutory language or limit. No, no, no. That's a very good argument to make to Congress to change the language, the nature of the economy is quite different now. But under the case law, this has always been a narrow exception and to say to us, well, the economy is different. It's no longer a narrow exception is to suggest that these are the decisions for judges to make as opposed to Congress. Your honor, actually, I'm asking this court to look at the language Congress used and just because our economy is more interstate in nature now does not mean that interstate commerce means something different now than what it meant when Congress passed this. I also just want to note that my sister made this argument about the walling case that there was a distinct distinction between goods that were ordered with the intent in advance of going to a particular customer versus those who were not in this court's decision. And why I know such distinction was made Amazon packages get ordered and then shipped to a warehouse temporarily before they get to the customer. But they also get shipped to warehouses and can sit there. Before they get that is the argument you've made several times to judge. So, yeah, you're now on rebuttal. Is there anything else? Yeah, yes, there is your honor. So I just want to know briefly in the Wallace case by judge Barrett, there's a mention of why? But if you read the decision, there is no distinction from my there is no grappling with. It seems to indicate the Wallace decision seems to indicate that the court came out as it did, because the drivers actually had to cross state lines themselves. If you look at page 802 of the decision, the court says to fall within the exemption that workers must be connected, not simply to the goods, but to the act of moving those goods across state or national borders. That's not the law in the 1st, circuit under why the court clearly held that the drivers themselves do not need to be crossing the state lines. I don't think language suggests the drivers have to cross state lines. They have to be engaged in interstate commerce, which means they have to be connected to the crossing. Not that they cross themselves. If you read the decision of the language that I just pointed out, it really seems to suggest they need to be crossing state lines, which is not the law. It doesn't suggest that to me. This was written and I don't think it does to an objective observer. I would urge the court to look at that again, but if I could just comment quickly on the Cunningham case, which was mentioned during defense counsel's argument, it's completely different situation there. This court relied on the yellow cab case, which is just not applicable to food and good delivery. And the question there before this court was whether the passengers were in interstate commerce, and the court concluded that they were not. There is no difference between the goods that Postmates drivers deliver and the goods that Amazon drivers deliver. There's just no distinction. Okay, that's helpful. Thank you. Thank you, Your Honor. That concludes argument in this case.